[Crim. No. 657. Third Appellate District.—January 11, 1923.]

THE PEOPLE, Respondent, v. JOHN FARRELL et al., Defendants; F. W. CLAYTON, Appellant.

[1] Criminal Law — Grand Larceny — Evidence — Verdict.—In this prosecution for the crime of grand larceny the evidence was sufficient to warrant the verdict of conviction.

[2] Id. — Improper Questions — Failure to Assign as Error. — The misconduct of the district attorney in asking improper questions was not a sufficient ground for reversal where such conduct was not assigned as error, and no motion was made to strike out the questions, and the court was not requested to instruct the jury to disregard them.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. W. Clayton, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendants were convicted of the crime of grand larceny. Clayton prosecutes this appeal from the judgment of conviction and the order denying his motion for a new trial. The appellant was represented by an attorney at the trial, but has conducted his own case on appeal. As is usual under such circumstances, many of his assignments of error relate to matters not appearing in the record and therefore beyond the power of this court to consider.

[1] It is contended that the evidence is not sufficient to warrant a conviction. The defendants were accused of stealing a box of carpenter tools. The owner, who had left the tools in a Sacramento hotel, testified that they had been stolen and were of the value of $150. The proprietor of a second-hand store testified that the defendants appeared at his place of business and attempted to sell him

---

1. Admissibility of evidence of other crimes in prosecution for larceny, notes, 62 L. R. A. 231, 281, 315, 322; 43 L. R. A. (N. S.) 776.

the box of tools for $22; that the box was locked; that the defendants claimed to own the tools and that they had brought them from Stockton; that they said they had lost the key; that they then broke the lock to open the box; that while the tools were being examined a policeman entered, whereupon defendant Farrell "made a rush forward to try to get out of the store" but that the policeman "stopped him from going out." The policeman testified that "Farrell tried to get out the door on me, and I shoved him back and says: 'What's the matter here?' He says: 'I want to get out to get a piece of rope.' . . . I questioned him and asked him where the tools came from, and he said he met a fellow named O'Brien, and he wanted him to sell them, and said he was to get a couple of dollars out of them"; that appellant "had gone back and sat down in a chair and held a newspaper in front of him, and he denied ever being with Farrell, and said he never had anything to do with the tools." There is no doubt as to the sufficiency of the evidence to support the verdict.

[2] Appellant complains of certain questions propounded by the district attorney. Farrell was asked on cross-examination if he did not know that Clayton was charged in Los Angeles County with the crime of being a member of the I. W. W. and answered in the affirmative. On his cross-examination, Clayton was asked if he did not know that Farrell was charged in San Francisco with the same crime. He answered that he knew "for a fact that he is not an I. W. W." Counsel for defendant then made objection to this line of examination and the objection was promptly sustained. The questions were highly improper, but no motion was made to strike them out, nor was the court requested to instruct the jury to disregard them. The conduct of the district attorney in asking the questions was not assigned as error. Under the circumstances disclosed by the record it uniformly has been held that such conduct is not sufficient ground for reversal.

It is claimed that "the court misdirected the jury in the matters of law." No instruction is pointed out as erroneous. A careful reading of the instructions shows that they are free from error.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.